IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAYTON GILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-1166 |
| | § | |
| BULLZEYE OILFIELD SERVICES, | § | |
| LLC d/b/a BULLZEYE WIRELINE | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Layton Gill ("Plaintiff") brings this lawsuit on an individual basis to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from BULLZEYE OILFIELD SERVICES, LLC d/b/a BULLZEYE WIRELINE ("Bullzeye" or "Defendant"). Plaintiff worked for Defendant performing largely technical and manual labor type job duties, typically worked in excess of 40 hours a week, and was employed as a Crane Operator. Instead of paying overtime as required by the FLSA, Defendant paid all plaintiff a hybrid base hourly and non-discretionary bonuses. This individual action seeks to recover the unpaid overtime wages and other damages owed to Plaintiff as a result of Defendant's violations of the FLSA.

### II.  JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

1

4. Defendant conducts substantial business in this District and Division.

5. A substantial amount of the work Plaintiff performed for Defendant took place in this District and Division.

## III.   THE PARTIES

6. Layton Gill worked for Defendant during the relevant statutory time period as an Operator.

7. Defendant may be served through its registered agent: Keith Maxey, located at 664 CR 307, Tye, Texas 79563 or wherever it may be found.

8. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

## IV.   FACTS

9. BULLZEYE is cased-hole wireline service company located in Bowie, Texas that specializes in the logging and perforating of oil and natural gas wells. Services the company provides include: cement bond logging (with or without pressure) to verify the quality of a cement job on a well, temperature logging to detect leaks and formation disruptions, perforating for completing and producing wells, plugging to isolate active zones from the rest of a well, acid spotting to stimulate well production and pipe recovery for the salvaging of casing. The company provides the equipment necessary to perform work on high-pressure wells we are able to perform all of the above services on active wells. http://www.bullzeyewireline.com/

10. Bullzeye Oilfield Service, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

11.     Defendants' operators routinely use wire line equipment, eye-protectors, hammers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

12.     Plaintiff worked for BULLZEYE as an Operator.

13.     Plaintiff's primary job duties included rigging up and rigging down oilfield equipment, operating oilfield machinery, and reporting daily activities to his supervisors. Plaintiff would conduct his day-to-day activities within designated parameters and in accordance with predetermined well, workover, completion, and operational plans.

14.     Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

15.     Plaintiff did not have any supervisory or management duties.

16.     While Plaintiff was required to drive to job sites in two different oil fields in Texas, he was not expected to or required to drive across state line.

## V.     COVERAGE UNDER THE FLSA

17.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce.

## VI.  FLSA VIOLATIONS

21. Bullzeye's failure to pay Plaintiff overtime at rates not less than one and one-half times his regular rates is a violation of 29 U.S.C. § 207.

22. The foregoing conduct constitutes a willful violation of the FLSA. Due to BULLZEYE's FLSA violations, Plaintiff is entitled to recover from BULLZEYE his unpaid overtime compensation, an amount equal to his unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## VII.  JURY DEMAND

23. Plaintiff demands a trial by jury.

## VIII.  RELIEF SOUGHT

24. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

      a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

      b.      For an Order awarding Plaintiff the costs of this action;

      c.      For an Order awarding Plaintiff his attorneys' fees;

      d.      For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

      e.      For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      f.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/s/ Trang Q. Tran
Trang Q. Tran
Federal I.D. 20361
Texas Bar No. 00795787
Alecia D. Best
Federal I.D. 2591730
Texas Bar No. 24092129
9801 Westheimer Rd., Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile

**ATTORNEYS FOR PLAINTIFFS**